STATE OF MAINE                                SUPERIOR COURT
PENOBSCOT, ss.                                Docket No.: 08-CR-097

State of Maine,

                                              **DECISION AND ORDER**
        v.

Albion Curtis,

        Defendant

<table>
<tr><td>FILED & ENTERED<br>SUPERIOR COURT<br>NOV 1 9 2008<br>PENOBSCOT COUNTY</td></tr>
</table>

This matter was heard on October 9, 2008, on Defendant's Motion to Suppress Evidence. Assistant District Attorney Michael Roberts represented the State. Attorney David Walker represented the Defendant.

Through the motion, Defendant seeks to exclude from evidence statements that the Defendant made when questioned by law enforcement on the evening of January 25, 2008. At the conclusion of the hearing, the parties agreed to file a recording of discussion between law enforcement and the Defendant. The Court received the recording on October 31, 2008.

Factual Background

The hearing revealed that on the evening of January 25, 2008, Defendant was involved in a confrontation at his residence with two other individuals during which confrontation a firearm was discharged. Following the confrontation, Defendant was transported to a local hospital for treatment of injuries sustained during the incident. The two other individuals involved in the confrontation, a male and a female, were also transported to the hospital.

Detective Robert Hutchins of the Bangor Police Department assisted in the investigation of the incident. As part of the investigation, Detective Hutchins went to the hospital to speak with the Defendant, whom Detective Hutchins believed was possibly

the victim of an assault. Defendant had a laceration on his head, some bruising on his face, and an apparent bite mark on his chest.

While at the hospital, Detective Hutchins interviewed the Defendant. At the time, Defendant was in a treatment room that was part of the hospital's emergency room. When Detective Hutchins arrived at the hospital, he learned that one of the involved individuals (the female) was in surgery, and the other was in the trauma unit of the hospital. As part of the investigation, Detective Brent Beaulieu, the lead investigator, also questioned the Defendant.

Neither Detective Hutchins nor Detective Beaulieu advised Defendant of his *Miranda* rights before they questioned the Defendant. During the interview, a law enforcement officer was standing outside the treatment room. The duration of the entire interview, which was interrupted at times, was approximately a half hour.

Defendant contends that the interview constituted a custodial interrogation for which a *Miranda* warning was necessary. The State maintains that Defendant was not in custody, and that Defendant was questioned as part of an ongoing investigation. In fact, the State argues that law enforcement considered Defendant to be a victim of and not a suspect in a crime.

Discussion

"A *Miranda* warning is necessary only if a defendant is: (1) in custody; and (2) subject to interrogation." *State v. Higgins*, 2002 ME 77, ¶ 12, 796 A.2d 50, 54 (citations omitted). In this case, given that law enforcement clearly questioned the Defendant about the incident that resulted in his hospitalization, law enforcement's interview of Defendant would constitute an interrogation requiring a *Miranda* warning if Defendant was in custody at the time.

A person is in custody if "a reasonable person standing in the shoes of |the defendant would| have felt he or she was not at liberty to terminate the interrogation and

leave" or if there was a "restraint on freedom of movement of the degree associated with a formal arrest." *State v. Dion*, 2007 ME 87, ¶ 23, 928 A.2d 746, 570-51. When assessing whether a person is in custody, the Court should consider the following factors:

(1) the locale where the defendant made the statements;

(2) the party who initiated the contact;

(3) the existence of non-existence of probable cause to arrest (to the extent communicated to the defendant);

(4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

(5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

(6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it);

(7) whether the suspect was questioned in familiar surroundings;

(8) the number of law enforcement officers present;

(9) the degree of physical restraint placed upon the suspect; and

(10) the duration and character of the interrogation.

*Id.* The Court is to view the factors "in their totality, not in isolation." *State v. Holloway*, 2000 ME 172, ¶ 19, 760 A. 2d 223, 229.

In support of the contention that he was in custody, Defendant cites the recent case of *State v. Grant*, 2008 ME 14, 939 A.2d 93, wherein the Law Court concluded that the defendant was in custody when he was questioned as a patient in a hospital. Although the defendant in *Grant* was in the hospital at the time of law enforcement's interview, *Grant* is plainly distinguishable from the instant case. In *Grant*, before law enforcement officers questioned the defendant, they had used force to "subdue" the defendant, had tasered him, had forcibly removed him from his vehicle, had handcuffed

him, and had accompanied him in an ambulance to the hospital. 2008 ME 14 ¶ 28, 939 A.2d at 101 – 102. After considering all of the circumstances, the Law Court determined that the defendant was in custody when law enforcement questioned him. The Law Court's decision in *Grant* does not, however, establish a rule that requires a *Miranda* warning before law enforcement questions anyone in a hospital. Rather, the Law Court's analysis reinforces the need to assess the facts of each particular case in order to determine whether a *Miranda* warning is necessary.

The circumstances of this case differ greatly from those in *Grant*. Here, law enforcement's first contact with Defendant was in the hospital where law enforcement considered the Defendant to be a victim of a crime. While a reasonable person might have felt that he or she was not free to leave the hospital because of medical reasons, a reasonable person would not have been under that impression due to law enforcement's actions. Here, the law enforcement officers did not restrain Defendant's freedom, nor did they suggest that Defendant was under arrest. To the contrary, the tone and substantive questions of the law enforcement officers were consistent with their belief that the Defendant was at that time a victim of a crime. In addition, the interview was relatively short in duration. In sum, an assessment of all of the circumstances in this case demonstrates that Defendant was not in custody when law enforcement questioned him. Accordingly, a *Miranda* warning was not necessary.

Conclusion

Based on the foregoing analysis, the Court denies Defendant's Motion to Suppress Evidence.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 11/18/08

Justice, Maine Superior Court

STATE VS. Albion Curtis, Jr.

CR-08-97

ATTORNEY FOR THE STATE

Michael Roberts, Deputy D.A.
Office of the District Attorney
97 Hammond St
Bangor   ME  04401


ATTORNEY FOR DEFENDANT

F DAVID WALKER ESQ
P O BOX 1401
BANGOR   ME   04401